**UNITED STATES of America,
Plaintiff,**

**v.**

**Thomas P. HENNELLY and Joan
Hennelly, Defendants.**

**No. 00–1726.**

United States District Court,
E.D. Pennsylvania.

Oct. 11, 2001.

Jonathan D. Carroll, U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff.

Gerard K. Schrom, Schrom & Shaffer, Media, PA, for Defendants.

## MEMORANDUM AND ORDER

KATZ, Senior District Judge.

The United States brings this action to reduce to judgment federal tax liabilities, interest and penalties assessed against Thomas and Joan Hennelly. Before the court is the government's motion for sum-

mary judgment. For the reasons set forth below, the government's motion is granted.

The United States contends that Thomas and Joan Hennelly owe income taxes, including penalties and interest, for the taxable years 1985, 1986, 1987, 1989, 1990, 1991, 1992, 1995, 1996, and 1997 totaling $265,467.25 as of September 14, 2001. The United States also claims that Thomas Hennelly owes employment taxes relating to his sole proprietorship, including penalties and interest, for the taxable years 1986, 1987, 1988, 1989, 1990, 1991, and 1992 totaling $189,847.80 as of September 14, 2001. In addition to these assessments, the United States alleges that Thomas Hennelly owes unemployment taxes for 1988 and 1990 totaling $7,613.27 and penalties for failing to timely file returns for 1988, 1991, 1992 totaling $16,939.07. The United States has introduced into evidence the Certificate of Assessments and Payments for the deficiencies at issue. The defendants admit they received notices of assessments and demands for payment. *See* Answer ¶ 6.

■ In a suit to reduce assessments to judgment, the United States establishes a prima facie case when it shows a timely assessment was made against the taxpayer. *Psaty v. U.S.*, 442 F.2d 1154, 1159–60 (3d Cir.1971); *United States v. Updegrave*, No. 95–CV–6054, 1997 WL 297074 at *3 (E.D.Pa. May 28, 1997) (citations omitted). The Certificate of Assessments submitted along with the United States' motion for summary judgment establishes the government's prima facie case. *Id.* After the United States proves its prima facie case, the burden shifts to the taxpayer to prove that the assessments are incorrect. *Id.* The defendants have failed to offer any evidence to show that the assessments are incorrect; therefore, summary judgment is

appropriate.[1]

1. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter. Rather, it determines whether or not there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, all of the facts must be viewed in the light most favorable to, and all reasonable inferences must be drawn in favor of, the non-moving party. *Id.* at 256, 106 S.Ct. 2505.

The moving party has the burden of showing there are no genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317,

323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mathews v. Lancaster General Hosp.,* 87 F.3d 624, 639 (3d Cir.1996). In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548; *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989). Rather, there must be evidence on which a jury could reasonably find for the nonmovant. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. 2505. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.